IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND and HOWARD MCDOUGALL, TRUSTEE,<br><br>Plaintiffs,<br><br>v.<br><br>ST. LOUIS POST-DISPATCH, LLC, a Delaware limited liability company, and LEE ENTERPRISES, INC., a Missouri corporation<br><br>Defendants. | No. 07 C 1384<br><br>JUDGE DAVID H. COAR |

**MEMORANDUM OPINION AND ORDER**

Before this Court is Defendants' motion to dismiss Plaintiffs' complaint under Rules 12(b)(1) and 12(b)(6) . For the reasons set forth below, Defendant's motion to dismiss is DENIED.

**I. Facts**

Central States, Southeast and Southwest Areas Pension Fund is a multi-employer pension fund, and Howard McDougall is a trustee of the Pension Fund ("Plaintiffs"). Post-Dispatch, under parent organization Lee Enterprises, Inc., is an employer covered by the Fund ("Defendants"). On July 1, 2006, Plaintiffs determined that Defendants' obligation to contribute to the fund had been terminated, triggering withdrawal liability under ERISA. On or about July 20, 2006, Defendants received a notice and demand for payment of withdrawal liability issued by Plaintiffs in the amount of $1,477,860.47.

Plaintiffs received a letter on behalf of the Lee Controlled Group dated August 25, 2006, requesting information under section 4221 of ERISA. The letter stated that the requested information was needed to determine whether to request review of the Withdrawal Liability. Plaintiffs did not respond to the request. Plaintiffs sent revised assessments to Defendants in September 2006 and November 2006, with the withdrawal liability amount ultimately reaching $1,725,097.20.

In February 2007, Defendants initiated an arbitration proceeding pursuant to the American Arbitration Association's ("AAA") Multi-employer Pension Plan Arbitration Rules for Withdrawal Liability. Plaintiffs objected to the AAA's jurisdiction based on Defendant's failure to request an internal review. AAA decided to proceed with the arbitration, and Plaintiffs filed the instant lawsuit.

**II. Legal Standard**

In reviewing a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the district court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff. See *Transit Exp. Inc. v. Ettinger*, 246 F.3d 1018, 1023 (7th Cir. 2001). On a motion to dismiss under Rule 12(b)(1), the plaintiff bears the burden of establishing that the jurisdictional requirements have been met. *Kontos v. Dep't of Labor,* 826 F.2d 573, 576 (7th Cir. 1987). When a party moves for dismissal under Rule 12(b)(1), the nonmoving party must provide competent proof of jurisdictional facts to support its allegations. *Thomason v. Gaskill*, 315 U.S. 442, 446, 62 S. Ct. 673, 86 L. Ed. 951 (1942); Kontos, 826 F.2d at 576.

On a motion to dismiss for failure to state a claim upon which relief can be granted, the Court again accepts all well-pleaded allegations in the plaintiff's complaint as true. Fed. R. Civ. P. 12(b)(6). The purpose of a 12(b)(6) motion is to decide the adequacy of the complaint, not to determine the merits of the case. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990) (citation omitted). A complaint should not be dismissed "unless it appears beyond all doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957).

**III. Analysis**

A. Subject Matter Jurisdiction

Defendants move for dismissal on the ground that this court lacks subject matter jurisdiction over the withdrawal liability dispute as it is subject to mandatory arbitration under Section 4221, 29 U.S.C. §1401. In general, federal courts do not have jurisdiction over withdrawal liability, which must first be subjected to arbitration. However, the Seventh Circuit has made clear that district courts do have jurisdiction over disputes on the timeliness of an arbitration request. *Robbins v. Chipman Trucking, Inc*., 866 F.2d 899 (7th Cir. 1988); *Robbins v. B & B Lines, Inc*., 830 F.2d 648 (7th Cir. 1987). In this case, Plaintiffs' complaint alleges solely that Defendants' request for arbitration was untimely. Because the issue is one of timeliness in the arbitration request, this court retains subject matter jurisdiction over the case.

B. Failure to State A Claim

    I. Request for Review

Defendants move for dismissal on the ground that requesting review upon withdrawal is not mandatory, and thus Plaintiff's allegation that Defendant's review was untimely fails to state

a claim upon which relief may be granted. At issue is whether Section 4219(b)(2)(A), 29 U.S.C. §1399(b)(2)(A), requires the employer to request internal review from the pension fund before seeking arbitration. Section 4219(b)(2)(A), 29 U.S.C. §1399(b)(2)(A) states:

> No later than 90 days after the employer receives the notice described in paragraph (1), the employer--
> (I) may ask the plan sponsor to review any specific matter relating to the determination of the employer's liability and the schedule of payments,
> (ii) may identify any inaccuracy in the determination of the amount of the unfunded vested benefits allocable to the employer, and
> (iii) may furnish any additional relevant information to the plan sponsor.

Defendants argue that "may" implies that the request for review is permissive, not mandatory; otherwise the statute would read "shall." Defendants assert that if Congress had wanted the request for review to be mandatory, it could have stated the provision as follows: "If an employer disputes the amount of the employer's liability or the schedule for liability payments, no later than 90 days after the employer receives the notices described in paragraph (1), the employer–". However, Congress did not specify this, but merely stated the provision with a permissive "may," indicating the permissive nature. Further, Defendants contend that section (ii) and (iii) of 29 U.S.C. §1399(b)(2)(A) would also be mandatory if the review in (I) is read as mandatory.

Plaintiffs assert that the "may" allows the employer to request review if it disagrees with the plan's liability assessment, but does not require the employer to request review if it agrees. Plaintiffs claim it is non-nonsensical to use "shall," since it would require the employer to request review even if it agreed with the plan's assessment. Plaintiffs argue that reading the provision in context shows that the request for review is mandatory, as 29 U.S.C. §1401(a)(1) requires that arbitration be initiated within 60 days of either (1) receipt of the plan sponsor's

response to the review request, or (2) 180 days of the employer's request for review–whichever comes earlier. This presupposes that the employer has first sought review from the plan sponsor.

Taking into account both the language and context of 29 U.S.C. §1399(b)(2)(A), the meaning of the statutory provision is simply not clear. Valid arguments can be made for both the permissive and mandatory interpretations of 29 U.S.C. §1399(b)(2)(A). Under such circumstances, it is important to consider how other courts have interpreted the statute, especially the Seventh Circuit, whose findings are binding on this court.

The Seventh Circuit has laid out the procedure for addressing withdrawal liability disputes:

> Following an employer's withdrawal from a Multi-employer pension plan, the plan sponsor is required to determine the amount of withdrawal liability owed, notify the employer of this amount, and demand payment. 29 U.S.C.S. §§ 1382, 1399(b)(1). The amount of an employer's withdrawal liability is determined as of the last day of the plan year preceding the plan year in which the withdrawal occurs. 29 U.S.C.S. § 1391(b)(2)(A). Within 90 days after notice and demand have been made, the withdrawing employer may request that the plan review its determination. 29 U.S.C.S. § 1399(b)(2)(A). The plan must notify the employer of its decision after its review. 29 U.S.C.S. § 1399(b)(2)(B). An employer *may then* initiate arbitration within the 60-day period after the earlier of (1) the date of notification to the employer of the plan's decision on review, or (2) 120 days after the date of the employer's request for review.

*Trustees of Iron Workers Local 473 Pension Trust v. Allied Products Corp.*, 872 F.2d 208 (7th Cir. 1989) (emphasis added); see also *Chicago Truck Drivers, etc. v. Louis Zahn Drug Co.*, 890 F.2d 1405, 1406 (7th Cir. 1989). The Seventh Circuit's opinion suggests that a request for internal review is required, where employers first request a review and "may then" initiate arbitration. This interpretation is supported by the Ninth Circuit, which held that a request for review is a "prerequisite" for initiating arbitration. *Board of Trustees v. Thompson Bldg. Materials, Inc.*, 749 F.2d 1396, 1401 (9th Cir. 1984). Further, it is consistent with 29 U.S.C. §1401(a)(1), which requires that arbitration be initiated within 60 days of either (1) receipt of the

plan sponsor's response to the review request, or (2) 180 days of the employer's request for review–whichever comes earlier. In both cases, a request of review is presumed. If 29 U.S.C. §1399(b)(2)(A) is read to be permissive, then the arbitration provision of 29 U.S.C. §1401(a)(1) does not account for cases where an employer does not request review, but initiates arbitration directly. It would seem that Congress would then have set no limit on when an employer may initiate arbitration if it did not first request review, allowing an end-run around the time limitation for initiating arbitration by not first requesting review. This does not seem reasonable. The more reasonable interpretation of 29 U.S.C. §1399(b)(2)(A), in light of the statutory context and preceding case law, is to deem a request for internal review mandatory before arbitration may be initiated.

    ii. Timeliness

Defendants further assert that even if review was mandatory, Defendants' request was not untimely because the statutory period was tolled by Plaintiff's failure to provide necessary information upon Defendants' request in August 2006. As an initial matter, Defendants' equitable tolling argument is an affirmative defense. The Seventh Circuit has held that "dismissal under Rule 12(b)(6) on the basis of an affirmative defense is appropriate only where the plaintiff pleads himself out of court by admitting all the ingredients of an impenetrable defense." *Covington v. Mitsubishi Motor Mfg. of Am., Inc*., 154 Fed. Appx. 523 (7th Cir. 2005). Dismissal is proper where the complaint plainly reveals that an action is untimely under the governing statute of limitations. *Id.* In such cases, the validity of the defense must be apparent from the complaint itself and unmistakable. *Id*. Although in *Covington*, the timeliness issue was regarding the plaintiff's filing of the complaint in federal court, the reasoning is equally applicable to the instant case where the timeliness issues is in regards to the filing of Defendant's

request for review. The question is whether the Plaintiffs pled to facts in their Complaint that admit to Defendant's affirmative defense. Plaintiffs in this case have not admitted to Defendants' allegations of equitable tolling in the complaint. Further, Plaintiff challenges that Defendants did not "diligently" pursued their rights, as required by equitable tolling. Thus, the issue turns to facts that are not yet available, and a ruling on this issue is not appropriate at this stage of the proceedings. As such, Defendant's motion to dismiss is denied.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is DENIED.

Enter:

/s/ David H. Coar

David H. Coar

United States District Judge

Dated: **August 28, 2007**